IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

BILLY WHITEHEAD,

    Plaintiff,

v.                                                     No. 05-2840 B

JON ROBERTSON, et al.,

    Defendants.

_____

ORDER DISMISSING CLAIMS AGAINST DEFENDANTS
UT MEDICAL GROUP, INC.; JON ROBERTSON; JON ROBERTSON, M.D., P.C.,
AND SEMMES-MURPHEY CLINIC
_____

        On February 22, 2006, this Court entered an order directing the Plaintiff, Billy Whitehead, to show cause, within eleven (11) days, why his claims against the Defendants, UT Medical Group, Inc.; Jon Robertson; Jon Robertson, M.D., P.C. and Semmes-Murphey Clinic, should not be dismissed for failure to prosecute.  Whitehead was clearly admonished that "[f]ailure to timely respond to the Court's directive *will* result in the dismissal of the Plaintiff's claims against these Defendants."  (Order to Show Cause Why Claims Against Defs. UT Med. Group, Inc.; Jon Robertson; Jon Robertson, M.D., P.C. and Semmes-Murphey Clinic Should Not Be Dismissed for Failure to Prosecute at 2.)  According to the Court's docket, the Plaintiff has to date failed to respond to the show cause order, even though the time for such response has expired.

        Rule 41(b) provides for dismissal of actions for failure of the plaintiff to prosecute.  Fed. R. Civ. P. 41(b).  A Rule 41(b) dismissal "operates as an adjudication upon the merits."  Id.  The authority to dismiss a case under Rule 41(b) "is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and

opposing parties." Knoll v. American Tel. & Tel. Co., 176 F.3d 359, 363 (6th Cir. 1999), reh'g and suggestion for reh'g en banc denied (June 30, 1999) (citations and internal quotations omitted). The Supreme Court has recognized that

> [n]either the permissive language of the Rule -- which merely authorizes a motion by the defendant -- nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief. The authority of the court to dismiss sua sponte for lack of prosecution has generally been considered an "inherent power," governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.

Link v. Wabash R.R. Co., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). District courts are permitted substantial discretion in determining whether dismissal is appropriate. Knoll, 176 F.3d at 363; Harmon v. CSX Transp., Inc., 110 F.3d 364, 366 (6th Cir. 1997), cert. denied, 522 U.S. 868, 118 S.Ct. 178, 139 L.Ed.2d 119 (1997).

The Sixth Circuit has articulated four factors to be addressed by the Court in assessing whether dismissal for failure to prosecute is warranted: (1) whether the party's failure was the result of willfulness, bad faith, or fault; (2) whether the opposing party suffered prejudice due to the party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. Mulbah v. Detroit Bd. of Educ., 261 F.3d 586, 589 (6th Cir. 2001). Prior notice to the party that a failure to cooperate may result in dismissal is important to support the sanction. Vinci v. Consolidated Rail Corp., 927 F.2d 287, 288 (6th Cir. 1991) (per curiam).

The Plaintiff has consistently failed to respond to motions and orders to show cause both in this case and in a related case in this district involving the same defendants (Case No. 05-2602), resulting in the dismissal of his claims against Defendant Daniel B. Kueter in this lawsuit and the

defendants at issue here in the related suit.  Clearly, the necessity of monitoring a case that the Plaintiff has dilatorily permitted to languish indefinitely works some hardship on Defendants seeking disposition of the action.  In addition, the Plaintiff has been cautioned by the Court in no uncertain terms concerning the dire ramifications of any failures to comply with Court directives.  Finally, under the circumstances, the Court finds that no sanction short of dismissal as to these Defendants will cure the Plaintiff's failure to move his case against them forward.

Based on the foregoing, this matter is DISMISSED with prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) with respect to Defendants UT Medical Group, Inc.; Jon Robertson; Jon Robertson, M.D., P.C. and Semmes-Murphey Clinic.

IT IS SO ORDERED this 7th day of April, 2006.

                                      s/ J. DANIEL BREEN
                                      UNITED STATES DISTRICT JUDGE